IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**W. Joseph LeMay**, *et al.*,

        Plaintiffs,

vs.                                        CIV 08-712 JCH/CEG

**Elisabeth Boggs**, *et al.*,

        Defendants.

**DEFENDANTS' MOTION TO DISMISS
AND MEMORANDUM IN SUPPORT**

The defendants, Elisabeth Boggs, Hector Madrid, Deborah R. Burtnett and "Maggie" Calderon ("Defendants"), by and through their attorneys, Coppler & Mannick, P.C. (Gerald A. Coppler), hereby move for dismissal of the Civil Complaint in this matter in its entirety pursuant to Fed.R.Civ.P. 12(b)(1) ("Rule 12(b)(1)") for lack of subject matter jurisdiction due to the failure of Plaintiffs to exhaust administrative remedies and Fed.R.Civ.P. 12(b)(6) ("Rule 12(b)(6)") for the failure of Plaintiffs to state a claim upon which relief may be granted under 42 U.S.C. §1983. Defendants also note that Plaintiff W. Joseph LeMay ("LeMay"), appearing *pro se*, is not a licensed attorney and, therefore, cannot represent his son, Plaintiff E.T. ("E.T"), in this action.

A.        **FACTUAL ALLEGATIONS AND SUMMARY**

        1.        The Civil Complaint [Doc. 1] (the "Complaint") was filed herein on August 1, 2008 and was served on September 15, 2008.

        2.        This action is alleged *pro se* by LeMay on behalf of himself and his son, E.T., based on his alleged status as E.T.'s parent and legal guardian.

        3.        While LeMay may have rights of his own under the IDEA which he may pursue *pro se* (*see*, **Winkelman ex rel. Winkelman v. Parma City School Dist.**, ___ U.S. ___, 127 S.Ct.

1994, 167 L.Ed.2d 904, 75 USLW 4329 (2007)), he may not represent his child, E.T., as to any claims in this Court. ***Chase v. Mesa County Valley School District No. 51***, 2007 WL 2889446, (D.Colo. 2007) (*citing* ***Meeker v. Kercher***, 782 F.2d 153, 154 (10th Cir. 1986).

      4.      The Complaint alleges that E.T. was 10 years old at the time the Complaint was filed and suffers from developmental disabilities, which were identified through testing and evaluation by the Deming Public Schools in 2002-2003 and E.T. is, therefore, a child with a disability pursuant to the IDEA and § 504 of the Rehabilitation Act, and was provided special education services by the Columbus Elementary School.  Complaint, ¶¶ 5, 6, 7 and 9.

      5.      The Complaint alleges that E.T. attended school in Mexico for the 2004-2005 school year, where he was traumatized and abused.  Complaint, ¶ 10.  The Complaint provides no further details regarding this alleged abuse.

      6.      The Complaint alleges that E.T. returned to New Mexico in the summer of 2005 and returned to Columbus Elementary School during the 2005-2006 school year.  ***Id.***

      7.      The Complaint alleges that an IEP meeting was held "almost immediately" at the beginning of the 2005-2006 school year.  Complaint, ¶ 17.

      8.      The Complaint, though difficult to follow, then seems to allege various problems that the LeMay perceived with aspects of E.T.'s educational placement and the special education services E.T. received pursuant to his IDEA eligibility.

      9.      Paragraph 26 of the Complaint alleges that "Defendant Burtnett was seen by two credible witnesses assaulting [E.T.], a handicapped child, which was almost immediately reported to parent, who reported it to Principal Madrid, who simply glossed over it" and cites Exhibits I and II, attached to the Complaint, in support.  Defendants do not understand the remaining allegations, if any, in paragraph 26.

a.  Exhibit I, attached to and referenced in the Complaint, appears to be a statement of a Mr. Eugene Sierra, dated November 26, 2006, which reads:

> I saw Mrs. Burtnett, the Special Education Teacher at Columbus Elementary school, dragging a student by the arm towards the office.  As she came closer to me I recognized the child as [E.T.].  As the child that was being dragged by Mrs. Burtnett went by me, the child recognized me smiled and said hi to me.  Mrs. Burtnett tugged on him causing him to lose his footing and skip his steps, and she continued to drag him to the office.

b.  Exhibit II, attached to referenced in the Complaint, appears to be a letter dated March 13, 2007, on stationary of the Village of Columbus, from Nicole S. Lawson "To Whom It May Concern," which seems to describe the same occurrence in the following way:

> I saw Ms. Burtnett, my son's Special Education teacher, walking west down the hallway with [E.T.].  Ms. Burtnett was holding the [E.T.]'s upper right arm about level to his ear and he was on the balls of his feet, sort of stumbling to keep up.  [E.T.] was not struggling in any way, his gaze looked as though he were nonplussed.

10.  Paragraph 30 of the Complaint seems to allege that Defendant Boggs, as Director of Special Education for Deming Public Schools, failed to ensure "that [Defendant Boggs] and the Columbus Elementary Staff, were in compliance with the Federally Mandated Procedures up to and including the implementation of their own IEP Directives."

11.  The Complaint purports to state claims, in what appears to be a second title, "For Damages & Injunctive Relief to Remedy Civil Rights Violations, Discrimination and Denial of Equal Protection, Due Process, and a Free and Appropriate Public Education[1]" and then states, "F.A.P.E. Title One, No Child Left Behind Act. I.D.E.A."

12.  Paragraph number 1 of the Complaint begins, "Title 42 U.S.C. Sec. 1983-85, 14th Amendment Denial of Due Process and Equal Protection Concurrently and as a Necessary Component" and continues, "Plaintiff's [sic] also File this Complaint under the Federal

---

[1] Portions of the Complaint [Doc. 1] that were originally in all capital letters are modified herein to title capitalization.

Individuals with Educational Disabilities Act (IDEA), Americans with Disabilities Act (ADA) Sec. 504; Title 20 U.S.C. Sec. 1400 et sec [sic]."

13.     In paragraph 2, Plaintiff claims jurisdiction under, "Title 42 Sec. 1983; 1985, USC & USCA 14; Title 20 Sec. 1400 et sec [sic]."

14.     Count I, stated on page 6 of the Complaint, seems to claim that E.T. was deprived of an "appropriate free public education" as a result of "[a]ssault and [b]attery."

15.     Count II, stated on page 7 of the Complaint, says that E.T. was denied a "free, appropriate, public education," apparently based on denial of federal educational rights and conspiracy to deny such rights and hostility to cover up such denials "in a discriminatory manner."

16.     Count III, the last count, seems to claim a "discriminatory denial of a Free Appropriate Public Education" due to budget mismanagement, and failure to train or properly supervise personnel pursuant to requirements of E.T.'s Individualized Education Plan ("IEP").

17.     The prayer in the Complaint asks for compensatory damages, punitive damages, injunctive relief, attorney's fees and such other relief as the Court deems just and equitable.

18.     The Individuals with Disabilities Education Act ("IDEA"), at 20 U.S.C. § 1415(i)(2)(b), provides the Court's jurisdiction to hear a matter relating to the qualification for or provision of special education services provided that the exhaustion requirement of 20 U.S.C. § 1415(l) is satisfied.  This exhaustion requirement applies whenever the plaintiff has alleged injuries that could be redressed <u>to any degree</u> by the administrative procedures and remedies of the IDEA.  *Padilla v. School Dist. No. 1 in the City & County of Denver, Colorado*, 233 F.3d 1268, 1274 (10th Cir.2000).  Moreover, even when it is unclear whether allegations can be

4

redressed to any degree by IDEA administrative procedures, exhaustion is required in order to give the school an initial opportunity to resolve the alleged problem. *Id.*

19.     Not only do the Plaintiffs fail to allege that administrative procedures have been exhausted, near the end of the Complaint, under the heading, "Exhaustion of State Education Administrative Processes," the Plaintiffs admit that they have not exhausted the IDEA administrative processes.

20.     Plaintiffs' allegations in the Complaint are insufficient to support an exception to the exhaustion requirements of the IDEA.

21.     By this motion, **Defendants demand Plaintiffs' compliance with IDEA exhaustion requirements and explicitly do not waive this jurisdictional defense.**

22.     Therefore, the Court lacks subject matter jurisdiction to hear this matter and the Complaint should be dismissed in its entirety.

23.     Moreover, the Plaintiffs have failed to state a claim for which the Court may grant relief under the Constitution of the United States or any federal statute and the Complaint should be dismissed in its entirety for this reason if the Court finds it has subject matter jurisdiction.

24.     None of the individual defendants, in any capacity, violated Plaintiffs' federal rights.

25.     Plaintiffs do not state a claim for common law battery as Defendants are immune from such a tort claim pursuant to the New Mexico Tort Claims Act.

26.     Due to the dispositive nature of this motion, Defendants have not sought Plaintiffs' concurrence.

**B.      LEGAL STANDARDS**

    **1.      Rule 12(b)(1)**

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed.R.Civ.P. 12(b)(1). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See* **Basso v. Utah Power & Light Co.,** 495 F.2d 906, 909 (10th Cir. 1974). "[A] party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends." **Holt v. United States**, 46 F.3d 1000, 1003 (10th Cir. 1995) (*citing* **Ohio Nat'l Life Ins. Co. v. United States,** 922 F.2d 320, 325 (6th Cir. 1990). Thus, a party can contest a bare allegation that a plaintiff has exhausted jurisdictional administrative remedies. See **Davis v. United States**, 343 F.3d 1282, 1294-95 (10th Cir. 2003).

"When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations." **Holt**, 46 F.3d at 1003. Moreover:

> A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). [**Ohio Nat'l Life Ins. Co.**, 922 F.2d at 325]; **Wheeler v. Hurdman,** 825 F.2d 257, 259 n. 5 (10th Cir.), *cert. denied,* 484 U.S. 986, 108 S.Ct. 503, 98 L.Ed.2d 501 (1987). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion. **Wheeler,** 825 F.2d at 259 n. 5.

*Id.* "Any factual dispute upon which the existence of jurisdiction may turn is for the court alone, and not a jury to determine." **Neiberger v. Hawkins**, 208 F.R.D. 301 (D. Colo. 2002) (quoting **Trinity Broadcasting of Denver, Inc. v. City of Westminster**, 848 P.2d 916, 924 (Colo. Sup. Ct. 1993).

    **2.      Rule 12(b)(6)**

Under Fed. R. Civ. P. 12(b)(6), the Court may dismiss a complaint for failure to state a

6

claim upon which relief may be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." ***GFF Corp. v. Associated Wholesale Grocers, Inc.***, 130 F.3d 1381, 1384 (10th Cir.1997) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." ***Miller v. Glanz***, 948 F.2d 1562, 1565 (10th Cir.1991). Accordingly, all well-pleaded factual allegations in the complaint should be accepted as true and viewed in the light most favorable to the nonmoving party. ***GFF Corp.***, 130 F.3d at 1384. Although Plaintiffs' pleadings are to be liberally construed, mere conclusory allegations without supporting factual averments will not suffice. *See* ***Brown v. Zavaras***, 63 F.3d 967, 972 (10th Cir. 1995).

C.  ARGUMENT

   1.  **LeMay may appear pro se on his own behalf, but he may not represent his minor son, E.T., in this Court.**

The Supreme Court has held that a parent of a child who has been denied a Free Appropriate Public Education as guaranteed by the IDEA may bring an action *pro se* on his own behalf to remedy a denial of such rights. ***Winkelman ex rel. Winkelman v. Parma City School Dist.***, ___ U.S. ___, 127 S.Ct. 1994, 167 L.Ed.2d 904, 75 USLW 4329 (U.S. 2007). However, LeMay, appearing *pro se*, cannot represent his minor child, E.T., in this Court for claims under the IDEA or for any other cause of action. ***Chase v. Mesa County Valley School District No. 51***, 2007 WL 2889446, (D.Colo. 2007) (*citing* ***Meeker v. Kercher***, 782 F.2d 153, 154 (10th Cir. 1986)). Therefore, the claims of E.T., in the absence of representation by counsel admitted to practice before this Court, must be dismissed without prejudice. Notwithstanding his failure to

7

exhaust administrative remedies, LeMay would only be able to pursue his own claims directly under the IDEA to the extent such claims are otherwise appropriate.

> **2. Plaintiffs have not exhausted administrative remedies of the IDEA, Defendants do not waive their defense based upon that failure, and the Court lacks subject matter jurisdiction under Rule 12(b)(1) and the IDEA to hear this action.**

Plaintiffs seem to attempt to allege claims under the IDEA, §504 of the Rehabilitation Act of 1973, the Americans with Disabilities Act ("ADA"), 42 U.S.C. Sections 1983 through 1985 (for alleged violations of the Due Process and Equal Protection clauses of the Fourteenth Amendment to Constitution of the United States) and Title One of the No Child Left Behind Act. See allegations described and quoted in ¶¶ 10 through 15, above.  However, all of the allegations in the Complaint pertain to the education of E.T. pursuant to his eligibility for special education services under the IDEA and the provision of a special education pursuant to that Act and E.T.'s Individual Education Plans ("IEP's"), prepared pursuant to the procedural requirements of the IDEA.

The IDEA provides federal district court jurisdiction to review IDEA administrative decisions at 42 U.S.C.A. §1415(i)(2)(A), which provides, in pertinent part:

> . . . any party aggrieved by the findings and decision [in a due process administrative hearing] under this subsection, shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy.

Subsection (i) of §1415, concerns decisions of hearing officers after a due process hearing held pursuant to IDEA procedural protections and provides the Congressionally granted procedures for review of such decisions.  Subsection (l) of section 1415 adds, under the title "Rule of construction" (emphasis added):

> Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990, Title V of the Rehabilitation Act of 1973, or other Federal laws protecting the rights of children with disabilities, **except that before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) of this section shall be exhausted to the same extent as would be required had the action been brought under this subchapter**.

The Tenth Circuit holds that §1415(l) requires exhaustion of IDEA administrative procedures prior to filing any claim, the underlying facts of which can be redressed <u>to any degree</u> by those IDEA procedures and remedies. ***Padilla v. School Dist. No. 1 in the City & County of Denver, Colorado***, 233 F.3d 1268, 1274 (10th Cir.2000). Exhaustion of IDEA administrative remedies is required even if it is unclear whether a plaintiff's allegations can be redressed to any degree through IDEA administrative procedures. *Id.* Thus, exhaustion is not required only where the circumstances underlying a plaintiff's claims are clearly and totally incapable of being redressed to any degree through IDEA substantive and procedural protections. Plaintiffs' claims under the ADA and § 504 of the Rehabilitation Act, to the extent they are not based on claimed violations absolutely separate from the substantive and procedural rights provided by the IDEA, similarly require exhaustion of IDEA procedures and remedies before enabling this Court's jurisdiction. *See, e.g.,* ***Ellenberg v. New Mexico Military Institute***, 478 F.3d 1262 (10th Cir. 2007) (holding that a § 504 claim alleging that New Mexico Military Institute had an admission policy that facially discriminated against disabled students and did not involve qualification for special education under the IDEA or provision of IDEA procedures or services, did not require exhaustion.) Plaintiffs' claims, as can be determined from the Complaint, all concern E.T.'s status as a student already entitled to and receiving special education benefits.

The question as to whether IDEA exhaustion is required in a particular case is a question of law. ***Eads ex rel. Eads v. Unified School Dist. No. 289***, 184 F.Supp.2d 1122, 1134 (D. Kan.

2002) (citations omitted).  As a matter of law, Plaintiffs' claims herein are subject to the exhaustion requirements of the IDEA.  As a matter of fact, the Complaint does not allege that IDEA administrative remedies were exhausted, but to the contrary, states an admission that such remedies were not even pursued.  *See* ¶¶ 18 & 19, above.  Plaintiffs' claims must be dismissed unless and until administrative remedies are exhausted.

As shown above, LeMay cannot represent E.T. and pursue E.T.'s claims in this action.  However, even if he could, such claims would have to be dismissed in any event due to the admitted failure to exhaust administrative remedies.  The Complaint should be dismissed in its entirety unless.

### 3. None of the limited exceptions to the requirement that IDEA administrative remedies be exhausted applies to the allegations of this Complaint.

There are limited exceptions to the IDEA exhaustion requirement in the Tenth Circuit, none of which apply here.  Exhaustion is not required when administrative exhaustion would be futile, when it would fail to provide adequate relief, or when "an agency has adopted a policy or pursued a practice of general applicability that is contrary to the law."  ***Association for Community Living in Colorado v. Romer***, 992 F.2d 1040, 1044 (10th Cir.1993) (quoting H.R.Rep. No. 296, 99th Cong., 1st Sess. 7 (1985)).  In the paragraph of the Complaint entitled "Exhaustion of State Educational Administrative Processes," Plaintiffs admit IDEA procedures were not exhausted but argues that such procedures "would be time consuming and too late" and that Plaintiffs expect that any such procedure would result in a mere "rubber stamp" approval of the Defendants' actions.  *See* Complaint, p. 6.  The argument that such procedures would take too long apparently is based upon the second erroneous assumption - that IDEA proceedings are a sham and that complaining students always lose.  Experience in this District has shown that this assumption is clearly wrong and Plaintiffs allege no reasonable factual basis supporting it.  It

is clear that LeMay is simply trying to avoid the legislatively required IDEA procedures is his rush to federal court to seek money damages.

The requirement to exhaust IDEA procedural remedies before seeking judicial relief is both statutory and practical. The exhaustion of IDEA administrative procedures accomplishes several important ends, it: (1) "permit[s] the exercise of agency discretion and expertise on issues requiring these characteristics;" (2) "allow[s] the full development of technical issues and a factual record prior to court review;" and (3) "prevent[s] deliberate disregard and circumvention of agency procedures established by Congress." *Romer*, 992 F.2d at 1044. All of these important purposes are implicated in this case.

Finally, the exhaustion requirement of the IDEA, unless waived by the Defendants, is jurisdictional. See, *Eads By Eads v. Unified School District No. 289, Franklin County, Kansas*, 184 F.Supp.2d 1122, 1133 (D.Kan. 2002); *McQueen v. Colorado Springs School District No. 11*, 488 F.3d 868, 873 (10th Cir. 2007). Since the requirement is jurisdictional and because the Plaintiffs have the burden of establishing the jurisdiction of the Court to hear this matter, the Plaintiffs must allege exhaustion of the administrative remedies in the Complaint. Plaintiffs did not do so. *See* ¶ 19, above. To the contrary, Plaintiffs admit that IDEA remedies and procedures were not invoked and, therefore, were clearly not exhausted. Moreover, Plaintiffs have not alleged any facts that would support a finding that they are entitled to one of the limited exceptions to the IDEA exhaustion requirement. As Plaintiffs have not properly invoked the subject matter jurisdiction of this Court, and as LeMay inappropriately attempts to represent E.T. in this matter, the Complaint must be dismissed pursuant to Rule 12(b)(1).

**4.     Plaintiffs have stated no claims that cannot be redressed, at least in part, through the IDEA and no claim under 42 U.S.C. § 1983.**

All claims attempted to be brought in the Complaint, other than a claim brought directly under the IDEA, are claims of injury to the rights of E.T., a minor child. LeMay cannot represent E.T. in this matter and, as such, all non-IDEA claims must be dismissed unless E.T. obtains legal counsel admitted to practice before this Court. Nevertheless, Plaintiffs' claims and allegations which are intended to state claims pursuant to the ADA, § 504 of the Rehabilitation Act or any other federal statute or right still concern aspects of E.T.'s special education placement and services under the IDEA. All of those claims, even if properly pleaded, which Defendants deny, are subject to the exhaustion requirement of the IDEA and must be dismissed pursuant to Rule 12(b)(1).

Regarding possible claims through the general civil rights jurisdiction statute, 42 U.S.C. § 1983, the Tenth Circuit has clearly held that this remedy is not available to redress violations of the IDEA. *Padilla*, 233 F.3d at 1273. Thus, these claims, again, are the claims of E.T., not LeMay, and must be dismissed for lack of counsel. Nevertheless, the only allegations that could even arguably be stretched beyond the reach of the IDEA and its exhaustion requirement (i.e., not regarding E.T.'s special education program provided in the least restrictive environment pursuant to his IEP), are those concerning E.T. being led down the hall to the principal's office by Defendant Burtnett. *See* paragraphs 9, 9a and 9b, above.[2]

Under some state of facts not present or alleged in this Complaint, physical abuse of a student which shocks the conscience can certainly reach the level of a denial of the constitutional right to due process provided by the Fourteenth Amendment to the Constitution and pursued

---

[2] The Complaint does not plead or claim a state common law tort claim for battery. In any event, the Defendants are granted immunity from such a claim by the New Mexico Tort Claims Act, which immunity is not otherwise waived therein. Section 41-4-1 NMSA 1978, *et seq*.

though the jurisdiction granted by 42 U.S.C. § 1983. Nevertheless, "the Supreme Court has emphasized 'that only the most egregious official conduct can be said to be arbitrary in the constitutional sense.'" ***Williams v. Berney***, 519 F.3d 1216, 1220 (10th Cir. 2008) (*quoting* ***County of Sacramento v. Lewis***, 523 U.S. 833, 840, 846, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998) (quotations omitted).

> The tortious conduct alleged 'must do more than show that the government actor intentionally or recklessly caused injury to the plaintiff by abusing or misusing *government* power.... [It] must demonstrate a degree of outrageousness and a magnitude of potential or actual harm that is truly conscience shocking.' *Livsey v. Salt Lake County,* 275 F.3d 952, 957-58 (10th Cir.2001) (emphasis added) (quotation omitted). 'Not surprisingly, little governmental action is held unconstitutional under th[is] formulation[ ].' 1 Martin A. Schwartz, *Section 1983 Litigation* § 3.05[D], at 3-116 (4th ed.2006).

***Id.***, 519 F.3d at 1221 (footnote omitted). The facts alleged in the Complaint, as supported by the attached Exhibits I and II, even if true, do not come close to stating such a cause of action. Leading a student to the principal's office by his arm, where the student looked "nonplussed" (see Exhibit II to Complaint) according to one witness and during which E.T. smiled at and said "hi" to the second witness (see Exhibit I to Complaint) can certainly not be considered treatment so abusive as to shock the conscience. No claim for a violation of E.T.'s right to substantive due process is stated in the Complaint and any such claim that is attempted therein should be dismissed pursuant to Rule 12(b)(6).

Moreover, the Complaint cannot be considered to state a claim for a violation of "procedural" due process where the Plaintiff openly attempts an end run around the procedures of the IDEA. Given Plaintiffs' admission that IDEA procedures were not invoked and the attempt to support this claim with witness affidavits, Defendants ask the Court to dismiss any claims purportedly brought under § 1983 with prejudice.

**D.    CONCLUSIONS**

LeMay may not represent his son in this Complaint that is brought *pro se*. If E.T. does not engage qualified counsel, his claims must be dismissed. Moreover, a plaintiff bringing any federal claim to this Court that may be redressed, even in part, through the procedures of the Individuals with Disabilities Education Act, must exhaust those procedures and remedies. LeMay admits that IDEA remedies were not exhausted and he failed to establish that one of the limited exceptions to exhaustion should apply. Furthermore, Section 1983 cannot be used to redress violations of the IDEA and LeMay has not and cannot state a justiciable controversy under the Fourteenth Amendment and § 1983 on behalf of E.T.

WHEREFORE, the Defendants ask this Court to enter its order dismissing the Complaint in its entirety pursuant to Fed.R.Civ.P. 12(b)(1) and (6), together with costs of suit, and to grant any further relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

Coppler & Mannick, P.C.
Attorneys for the defendants
645 Don Gaspar Avenue
Santa Fe, New Mexico 87505
505.988.5656

/s/ Gerald A. Coppler

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 6th day of October, 2008, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means or otherwise, as more fully reflected on the Notice of Electronic Filing:

W. Joseph LeMay
P.O. Box 592
Columbus, NM 88029

/s/ Gerald A. Coppler

T:\GAC\PLEADING\3195273a.Motion to Dismiss